IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEVERO PASILLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. **FILED: APRIL 1, 2008** |
| | ) | **08CV1863        TG** |
| The CITY OF CHICAGO, and CHICAGO | ) | Judge **JUDGE KENNELLY** |
| POLICE OFFICERS FRANK MICELI, | ) | **MAGISTRATE JUDGE VALDEZ** |
| Star # 10297, and RAFAEL MARTINEZ, | ) | Magistrate Judge |
| Star # 15547, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## **COMPLAINT**

NOW COMES the plaintiff, SEVERO PASILLAS, through his attorneys, A Law Office of Christopher R. Smith, Christopher R. Smith and Jared S. Kosoglad, and complaining of the defendants CITY OF CHICAGO, and CHICAGO POLICE OFFICERS FRANK MICELI, Star #10297, and RAFAEL MARTINEZ, Star # 15547, states as follows:

### **INTRODUCTION**

1.  This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

### **JURISDICTION**

2.  The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3.   Plaintiff is a citizen of the United States of America, who currently resides in Wright City, Missouri.

4.   Defendants, Chicago Police Officers FRANK MICELI, Star #10297 and RAFAEL MARTINEZ, Star # 15547, were, at the time of this occurrence, duly licensed Chicago Police Officers.  They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law.  They are sued in their individual capacities.

5.   Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6.   On January 19, 2008, Plaintiff Severo Pasillas was walking near Wolcott and Pulaski streets in Chicago, Cook County, IL.

7.   Defendant police officers Miceli and Martinez stopped their marked Chicago Police vehicle and asked plaintiff questions.

8.   Plaintiff answered all of the defendants' questions.

9.   Defendants asked for identification, and plaintiff showed the defendants his social security card and proof of citizenship.

10.   Defendants ran a computer check on plaintiff's name, which returned an outstanding warrant for plaintiff's arrest in Warranton, Missouri.

11.   Plaintiff fled the encounter with the defendants on foot.  Defendants gave chase.

12.   Defendants caught up with plaintiff after a short time.

13. Defendant Miceli handcuffed plaintiff.

14. Without any lawful justification, defendant Miceli struck plaintiff in the head with his flashlight approximately five times.

15. Defendant officers kicked plaintiff about the body.

16. Plaintiff suffered fractured ribs, among other physical injuries.

17. Defendant officers transported plaintiff to the Harrison and Kedzie police station and then to another police station near State Street.

18. During both transports, both defendant officers verbally threatened the plaintiff in the event he reported their unconstitutional conduct.

19. Plaintiff requested that police officers other than the defendants transport him to the hospital.

20. The Chicago Police Department arranged for other officers to transport plaintiff to the hospital. Plaintiff was transported to Mercy Hospital to receive treatment for his injuries.

21. As a direct and proximate result of the malicious actions of the defendants, Plaintiff Pasillas was injured, including severe physical injuries, humiliation, pain, mental suffering, the deprivation of his constitutional rights and his dignity, and extreme emotional distress.

## Count I

### 42 U.S.C. Section 1983 — Excessive Force

1-21. Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22. The actions of the Officer Defendants constituted unreasonable, unjustifiable, and excessive force against plaintiff, thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

23.     As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including severe physical injuries, humiliation, pain, mental suffering, the deprivation of his constitutional rights and his dignity, and extreme emotional distress

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendant officers in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count II

## 745 ILCS 10/9-102

1-21.   Plaintiffs reallege paragraphs 1 through 21 above, as if fully set forth here.

22.     Defendant City of Chicago is the employer of Defendants Miceli and Martinez.

23.     Defendants Miceli and Martinez committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should defendants Miceli and Martinez be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count III

## Intentional Infliction of Emotional Distress Against City and Officers

1-21.   Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.   The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

23.   Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

24.   As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, and flashbacks.

25.   The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendants officers in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count IV

### Battery — State Claim Against City and Officers

1-21.   Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

22.   By the actions detailed above, , defendants Martinez and Miceli intentionally made offensive bodily contact against Severo Pasillas and inflicted bodily harm to Severo Pasillas

23.   By the actions detailed above, and by participating in the above-described conspiracy, defendants Miceli and Martinez performed the acts detailed above with the intent of inflicting physical harm to Severo Pasillas.  Severo Pasillas was physically harmed.

24.   As a direct and proximate result of the battery, Severo Pasillas was injured, including damage to his head and body.

25.   The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against defendants Miceli and Martinez, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

        Respectfully submitted,

        SEVERO PASILLAS

        _____/s Jared S. Kosoglad_____
        By:    One of their attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

A Law Office of Christopher R. Smith
Jared S. Kosoglad
Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
t: 312-432-0400
f: 312-850-2704