IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEVERO PASILLAS, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1863 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| CITY OF CHICAGO, FRANK MICELI, Star #10297, and RAFAEL MARTINEZ, Star #15547, | ) ) ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendants, City of Chicago and Chicago Police Officers Rafael Martinez and Frank Miceli, by one of their attorneys, Kathryn M. Doi, Assistant Corporation Counsel, respectfully move this Court, pursuant to Fed.R.Civ.P. 26(c) and 45 C.F.R. §§ 160 and 164, for entry of the attached "Qualified HIPAA and Confidential Matter Protective Order." In support thereof, Defendants state as follows:

1.	The parties anticipate that documents pertaining to the parties and non-parties may be sought and produced in this matter. The parties also anticipate production in this litigation of confidential information, such as Chicago Police Department employee complaint histories, CPD internal investigative files ("Complaint Register" or "CR" files) and medical information covered by the Health Insurance Portability and Accountability Act. Complaint Register files contain private information regarding police officers and other Chicago Police Department personnel (including third-parties), including but not limited to personal identifiers of officers and their families, disciplinary histories and medical information, as well as other information about non-party civilians and witnesses that is sensitive or of a non-public nature.

2. Medical information is protected by the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002). The "Privacy Standards" for such information is found at 45 C.F.R. §§ 160 and 164 (2000).

3. Complaint Registers, disciplinary histories and related information are protected by the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 (West 2004) and the Illinois Freedom of Information Act, 5 ILCS 140/7 (West 2004).

4. The proposed "Qualified HIPAA and Confidential Matter Protective Order," attached hereto, prohibits use of personal, employment and disciplinary information; medical information covered by the Health Insurance Portability and Accountability Act; and Complaint Register files for any purpose other than litigation of this case. It prohibits their dissemination to parties outside this litigation, and requires their return to the producing party at the end of this litigation. Such an order would ensure the protection of such information, consistent with the principles of federal and Illinois law. This order will also protect against improper dissemination of confidential information and unfairness in the trial process.

5. Plaintiff's counsel was informed of the contents of this motion and the attached order on June 2, 2008 and agrees with its terms.

WHEREFORE, Defendants respectfully requests this Court enter the attached Protective Order.

Respectfully Submitted,

/s/ Kathryn M. Doi
KATHRYN M. DOI
Assistant Corporation Counsel

30 N. LaSalle, Suite 1400
Chicago, IL  60602
312/ 744-0742
Atty. No. 06274825

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEVERO PASILLAS, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1863 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| CITY OF CHICAGO, FRANK MICELI, | ) | |
| Star #10297, and RAFAEL MARTINEZ, | ) | Magistrate Judge Valdez |
| Star #15547, | ) | |
| | ) | |
| Defendants. | ) | |

**QUALIFIED HIPAA AND CONFIDENTIAL MATTER
PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26(c) and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds:

A.  The following words and terms are defined for purposes of this qualified protective order:

   1.  "Parties" shall mean plaintiff, defendant City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

   2.  "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

   3.  "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information.  See 45 C.F.R. §§ 160 & 164 (2000).

   4.  "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards.  "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

   5.  When used in this Order, the word "document" or "documents" means all

       written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

      6.    "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential matter" includes, but is not limited to, personnel files, disciplinary actions, histories, files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), and related information that are protected by the *Illinois Personnel Records Review Act*, 820 ILCS 40/0.01, *et seq.* (West 2004) and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.* (West 2004), as well as personal and family information of police officers, including residential information.

B.    This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

      1.    The Parties shall be familiar with HIPAA and the Privacy Standards.

      2.    The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

C.    The Parties will abide by the following terms and conditions:

      1.    The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

      2.    The Parties will store all PHI while it is in their possession according to the Privacy Standards.

      3.    The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards. All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action, and shall be returned before any settlement, judgment or verdict

is paid in this matter by the producing party.  A producing party denied the return of Confidential Matter pursuant to this order may petition the Court for the costs and fees of compelling such return.

4. The Parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards.  The Parties shall release the PHI of the following person:

   **Plaintiff: Severo Pasillas**          **DOB**: 11/9/79

5. The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

   **CONFIDENTIAL:  DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 08 C 1863.**

   No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

6. Before disclosing PHI documents and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

7. To the extent that a Party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

8. By this Protective Order, all Parties, prior to filing with the Court any materials designated as confidential and subject to this Protective Order, shall make application to the Court, with proper notice to all other Parties to the litigation, under the procedure set out by the court or under applicable rules, for a determination by the Court that any document so designated does or does not contain sensitive and non-public information to warrant filing under seal or not, or that in certain circumstances the information should or should not be released from the provisions of this Protective Order.  If a dispute does arise concerning the propriety of designating particular documents as

confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c).

9. Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

10. This Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

11. No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court.

ENTER: _____
MATTHEW F. KENNELLY
DISTRICT COURT JUDGE
U.S. DISTRICT COURT

DATED: _____