## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SEVERO PASILLAS, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1863 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| CITY OF CHICAGO, FRANK MICELI, | ) | Magistrate Judge Valdez |
| Star #10297, and RAFAEL MARTINEZ, | ) | |
| Star #15547, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, the City of Chicago and Chicago Police Officers Frank Miceli and Rafael

Martinez, by one of their attorneys, Kathryn M. Doi, Assistant Corporation Counsel, hereby

submit their answer to Plaintiff's complaint, defenses and jury demand as follows:

### INTRODUCTION

1.      This is a civil action seeking damages against defendants for committing acts
under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the
United States.

**ANSWER:** Defendants admit this is a civil action seeking damages against Defendants

under the Constitution and laws of the United States.  Defendants deny the remaining allegations

contained in this paragraph.

### JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42
U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of
the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**ANSWER:** Defendants admit that jurisdiction is proper.

## PARTIES

3.    Plaintiff is a citizen of the United States of America, who currently resides in Wright City, Missouri.

**ANSWER:**  Defendants are without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

4.    Defendants, Chicago Police Officers FRANK MICELI, Star # 10297 and RAFAEL MARTINEZ, Star # 15547, were, at all time of this occurrence, duly licensed Chicago Police Officers.  They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law.  They are sued in their individual capacities.

**ANSWER:**  Defendants admit at the time of this occurrence, Officers Miceli and

Martinez were on duty as Chicago Police Officers and acting in the course and scope of their

employment and under color of law.  Defendants further admit Officers Miceli and Martinez are

being sued in their individual capacities.  Defendants deny the remaining allegations contained in

this paragraph.

5.    Defendant City of Chicago ("City"), a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of police officer defendants.

**ANSWER:**  Defendants admit the allegations contained in this paragraph.

## FACTS

6.    On January 19, 2008, Plaintiff Severo Pasillas was walking near Wolcott and Pulaski streets in Chicago, Cook County, IL.

**ANSWER:** Defendants admit that on January 19, 2008, Plaintiff was walking on a street

in Chicago, Cook County, IL.  Defendants deny the remaining allegations contained in this

paragraph.

7.    Defendant police officers Miceli and Martinez stopped their marked Chicago Police vehicle and asked plaintiff questions.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

8.    Plaintiff answered all of the defendants' questions.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

9.    Defendants asked for identification, and plaintiff showed the defendants his social security card and proof of citizenship.

**ANSWER:** Defendants admit that Officers Miceli and Martinez asked Plaintiff for identification, and Plaintiff showed them a social security card. Defendants deny the remaining allegations contained in this paragraph.

10.    Defendants ran a computer check on plaintiff's name, which returned an outstanding warrant for plaintiff's arrest in Warranton, Missouri.

**ANSWER:** Defendants admit that Officers Miceli and Martinez asked for a check on Plaintiff's name over the radio, which returned an outstanding warrant for Plaintiff's arrest in Warranton, Missouri. Defendants deny the remaining allegations contained in this paragraph.

11.    Plaintiff fled the encounter with the defendants on foot. Defendants gave chase.

**ANSWER:** Defendants admit that Plaintiff fled from Officers Miceli and Martinez on foot, and Miceli gave chase. Defendants deny the remaining allegations contained in this paragraph.

12.    Defendants caught up with plaintiff after a short time.

**ANSWER:** Defendants admit that Officer Miceli caught up with plaintiff after a short time. Defendants deny the remaining allegations contained in this paragraph.

13.    Defendant Miceli handcuffed plaintiff.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

14.    Without any lawful justification, defendant Miceli struck plaintiff in the head with

his flashlight approximately five times.

    **ANSWER:** Defendants deny the allegations contained in this paragraph.

    15.    Defendant officers kicked plaintiff about the body.

    **ANSWER:** Defendants deny the allegations contained in this paragraph.

    16.    Plaintiff suffered fractured ribs, among other physical injuries.

    **ANSWER:** Defendants deny the allegations contained in this paragraph.

    17.    Defendant officers transported plaintiff to the Harrison and Kedzie police station and then to another police station near State Street.

    **ANSWER:** Defendants admit the allegations contained in this paragraph.

    18.    During both transports, both defendant officers verbally threatened the plaintiff in the event he reported their unconstitutional conduct.

    **ANSWER:** Defendants deny the allegations contained in this paragraph.

    19.    Plaintiff requested that police officers other than the defendants transport him to the hospital.

    **ANSWER:** Defendants are without information sufficient to form a belief as to the truth

of the allegations contained in this paragraph.

    20.    The Chicago Police Department arranged for other officers to transport plaintiff to the hospital.  Plaintiff was transported Mercy Hospital to receive treatment for his injuries.

    **ANSWER:** Defendants admit that officers other than Miceli and Martinez transported

Plaintiff to Mercy Hospital at his request.  Defendants are without information sufficient to form

a belief as to whether the Chicago Police Department arranged for other officer to transport

Plaintiff.  Defendants deny the remaining allegations contained in this paragraph.

    21.    As a direct and proximate result of the malicious actions of the defendants, Plaintiff Pasillas was injured, including severe physical injuries, humiliation, pain, mental suffering, the deprivation of his constitutional rights and his dignity, and extreme emotional

distress.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## Count I
### 42 U.S.C. Section 1983 - Excessive Force

1-21.    Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

**ANSWER:** Defendants' answers to the foregoing paragraphs 1 through 21 are

incorporated by reference as though fully set forth herein.

22.    The actions of Officer Defendants constitute unreasonable, unjustifiable, and excessive force against plaintiff, thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct.

23.    As a proximate result of the above-detailed actions of defendants, Plaintiff was injured in that he suffered multiple contusions and serious pain, as well as mental anguish, humiliation, as well as medical expenses

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

## Count II
### 745 ILCS 10/9-102

1-21.    Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

**ANSWER:** Defendants' answers to the foregoing paragraphs 1 through 21 are

incorporated by reference as though fully set forth herein.

22.    Defendant City of Chicago is the employer of Defendants Miceli and Martinez.

**ANSWER:**  Defendants admit the allegations contained in this paragraph.

23.    Defendants Miceli and Martinez committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:**  Defendants admit that at all relevant times, Officers Miceli and Martinez were acting under color of law and in the scope of their employment as employees of the City of Chicago.  Defendants deny the remaining allegations contained in this paragraph and further deny any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## Count III
## Intentional Infliction of Emotional Distress Against City and Officers

1-21.    Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

**ANSWER:**  Defendants' answers to the foregoing paragraphs 1 through 21 are incorporated by reference as though fully set forth herein.

22.    The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER:**   Defendants deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

23.    Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER:**  Defendants deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

6

24.    As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, and flashbacks.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

25.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City , and while acting within the scope of this employment.

**ANSWER:**  Defendants admit that Officers Miceli and Martinez were on duty at the time of the occurrence and acting in the scope of their employment as employees of the City of Chicago.  Defendants deny the remaining allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## Count IV
## Battery – State Claim Against City and Officers

1-21.    Plaintiff realleges paragraphs 1 through 21 above, as if fully set forth here.

**ANSWER:**  Defendants' answers to the foregoing paragraphs 1 through 21 are incorporated by reference as though fully set forth herein.

22.    By the actions detailed above, defendants Martinez and Miceli intentionally made offensive bodily contact against Severo Pasillas and inflicted bodily harm to Severo Pasillas.

**ANSWER:**  Defendants deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

23.    By the actions detailed above, and by participating in the above-described conspiracy, defendants Martinez and Miceli performed the acts detailed above with the intent of inflicting physical harm to Severo Pasillas.  Severo Pasillas was physically harmed..

**ANSWER:**  Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct.

24.    As a direct and proximate result of the battery, Severo Pasillas was injured, including damage to his head and body.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

25.    The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City , and while acting within the scope of their employment.

**ANSWER:** Defendants admit that Officers Miceli and Martinez were on duty at the time of the occurrence and acting in the scope of their employment as employees of the City of Chicago. Defendants deny the remaining allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1.    Defendants Miceli and Martinez are government officials, namely police officers, who perform discretionary functions. Defendants Miceli and Martinez have admitted that they encountered and arrested Plaintiff. At all times material to the events alleged in Plaintiff's Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting these Defendants, could have believed their actions regarding their encounter with Plaintiff to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants Miceli and Martinez are therefore entitled to qualified immunity on Plaintiff's claims under federal law.

2.    Under the Illinois Tort Immunity Act, Defendants Miceli and Martinez are not

liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  Defendants' actions were performed in the execution and enforcement of the law and were not wilful and wanton. Defendants Miceli and Martinez are thus immune from liability. 745 ILCS 10/2-202.

3.    Under the Illinois Tort Immunity Act, Defendants Miceli and Martinez are not liable for any of the state law claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.

4.    Under the Illinois Tort Immunity Act, Defendants Miceli and Martinez are not liable for any of the state law claims alleged because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the City and its employees are immune from liability.  745 ILCS 10/2-201.

5.    To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

6.    To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the application of the principle that Plaintiff has a duty to mitigate attributed to Plaintiff by the jury in this case.

7.    Defendants Miceli and Martinez need not retreat or desist from efforts to make

9

a lawful arrest because of resistance or threatened resistance to the arrest.  An officer is justified in the use of any force which he reasonably believes to be necessary to effect the arrest or defend himself or another from bodily harm while making the arrest. 720 ILCS 5/7-5.

8.    As to Plaintiff's state law claims, Defendants Miceli and Martinez are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." See Kerns v. Engelke, 76 Ill.2d 154, 166 (Ill. 1979)(internal citations omitted).

9.    Defendant City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109 (2006).

## JURY DEMAND

Defendants, the City of Chicago, Frank Miceli and Rafael Martinez request a trial by jury.


Respectfully Submitted,

**/s/ Kathryn M. Doi**
KATHRYN M. DOI
Assistant Corporation Counsel

Suite 1400
30 N. LaSalle Street
Chicago, IL 60602
(312) 744-0742
Attorney No. 06274825

10